HYMAN LEVIN, Respondent, *v.* GEORGE MILLER, Appellant.

First Department, January 10, 1919.

Pleading — parties plaintiff — action for goods sold — proof that sale was made not by plaintiff but by corporation previously formed.

A complaint in an action for goods alleged to have been sold by the plaintiff to the defendant to which a general denial is pleaded, should be dismissed where it is proven that the goods were sold, not by the plaintiff, but by a corporation previously formed by him to take over his business.

APPEAL by the defendant, George Miller, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of December, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 17th day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

*M. Angelo Elias* of counsel [*Elias & Magan*, attorneys], for the appellant.

*Max D. Steuer* of counsel [*Henry Danziger* with him on the brief], for the respondent.

PAGE, J.:

The action was for goods alleged to have been sold by the plaintiff to the defendant. The second cause of action was withdrawn on the trial. The answer is a general denial and a defense of the Statute of Frauds.

The case on behalf of the plaintiff was fully proved, with the exception of the very important fact that it was proved that the goods were sold, not by the plaintiff, but by a corporation known as the Hyman Levin Co., Inc. It seems that Hyman Levin had been in business for a number of years, and in March, 1916, he formed a corporation that took over his business, of which his son-in-law and nephew were also incorporators and officers. The goods in question were sold on October 23, 1916. The order blank that was used was headed Hyman Levin. All of the receipts for the delivery of the goods and all bills and statements sent therefor were

in the name of Hyman Levin Co., Inc., and Levin explains that this order blank was some of the old stationery that he had on hand. Levin's idea seemed to be that as the business of the company was his business, it made no difference whether the action was brought in his individual name or in that of the corporation. Plaintiff's counsel seeks to justify this contention and cites the case of *Quaid* v. *Ratkowsky* (183 App. Div. 428). That case is not an authority for any such proposition.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.